| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE STARKE COUNTY _____ COURT |
| | ) SS: | |
| COUNTY OF STARKE | ) | CAUSE NO.: _____ |
| | | |
| WENDY MEDBOURN, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| PEKIN INSURANCE, | ) | |
| | ) | |
|     Defendant. | ) | |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Comes now Plaintiff, Wendy Medbourn, by counsel, for her Complaint for Damages against Defendant Pekin Insurance, states the following:

1. At all relevant times, Plaintiff Wendy Medbourn ("Medbourn") was a resident of 308 Main St., North Judson, Indiana ("House"), which is located in Starke County, Indiana.

2. At all relevant times, Defendant Pekin Insurance ("Pekin") was an Illinois citizen with its principal place of business in Pekin, Illinois that was licensed to and did conduct insurance business in Indiana.

3. In July 2017, Medbourn had a homeowner's insurance policy issued by Pekin ("Policy") for the House.

4. Venue is appropriate under Trial Rule 75(A) because the Policy was issued to cover risks in Starke County, Indiana.

5. In July 2017, the House sustained roof damage from a hail storm.

6. After the storm, Medbourn submitted a property damage claim under the Policy to Pekin.

7. There was a subsequent dispute between Medbourn and Pekin regarding the extent of the roof damage and the cost to repair it.

8. Pekin only paid Medbourn $952.90, which was insufficient to cover the actual cash value of repairs to the roof damage.

9. Medbourn retained a contractor to provide an estimate for the cost of the roof repairs, and submitted this estimate to Pekin.

10. Medbourn never received a response from Pekin regarding this estimate.

11. On or about October 16, 2019, Medbourn, by counsel, requested Pekin to send her a complete copy of her homeowner's policy, as well as any estimates and payments from Pekin in regards to Medbourn's roof damage. This letter also inquired whether Pekin would agree to extend the deadline to complete repairs and seek recoverable depreciation by sixty (60) days.

12. Pekin never responded to the October 16, 2019 letter.

13. On or about April 23, 2020, Medbourn, by counsel, again requested Pekin to send her a complete copy of her homeowner's policy, as well as any estimates and payments from Pekin in regards to Medbourn's roof damage. This letter again inquired whether Pekin would agree to extend the deadline to complete repairs and seek recoverable depreciation by sixty (60) days. This letter also informed Pekin that its failure to respond to the October 16, 2019 letter was a breach of Pekin's contractual duties under the insurance policy issued to Medbourn.

14. Pekin never responded to the April 23, 2020 letter.

15. On or about June 10, 2020, Medbourn, by counsel, again requested Pekin to send her a complete copy of her homeowner's policy, as well as any estimates and payments from Pekin in regards to Medbourn's roof damage. This letter again inquired whether Pekin would agree to extend the deadline to complete repairs and seek recoverable depreciation by sixty (60)

days.  This letter also informed Pekin that its failure to respond to the October 16, 2019 letter and the April 23, 2020 letter constituted a breach of Pekin's contractual duties under the insurance policy issued to Medbourn.

16. Pekin never responded to the June 10, 2020 letter.

## **COUNT I – BREACH OF CONTRACT**

17. Plaintiff Medbourn incorporates paragraphs 1 through 16 inclusive as if fully set forth herein.

18. Pekin owed Medbourn an obligation under the Policy to make adequate and sufficient payments on her property damage claim.

19. Pekin breached its obligation under the Policy by failing to pay Medbourn an adequate actual cash value amount for her property damage claim, which precluded her from affording further repairs.

20. Medbourn has been damaged as a result of Pekin's breach of its contractual obligations, and is entitled to an amount that will pay for the replacement of all damaged aspects of the roof, including ensuring a color match of the shingles.

21. Pekin's failure to provide a complete copy of the Policy upon request is an estoppel and waiver of all defenses under the Policy.

22. Medbourn is unable to attach a copy of the Policy pursuant to Rule 9.2 of the Indiana Rules of Trial Procedure because of Pekin's refusal to provide a copy of the Policy.

WHEREFORE, Plaintiff Wendy Medbourn, by counsel, prays for judgment against Defendant Pekin Insurance in an amount that will fully, fairly, and adequately compensate her for all costs, losses, expenses, and damages recoverable under Indiana law, for her costs, for prejudgment interest, and for all other just and proper relief.

        TAYLOR DeVORE & PADGETT, P.C.

        */s/ David L. Taylor*
        David L. Taylor
        Attorney No.:  11338-49

        */s/ Jerry M. Padgett*
        Jerry M. Padgett
        Attorney No.:  27282-49

TAYLOR DeVORE & PADGETT, P.C.
Keystone Office Park
3003 East 98th Street
Suite 201
Carmel, IN 46280
Phone:  (317) 228-9910
Fax:  (317) 228-9972
dtaylor@taylorlitigation.com
jpadgett@taylorlitigation.com
*Attorneys for Plaintiff,*
*Wendy Medbourn*

## COUNT II – BAD FAITH

23.    Plaintiff Medbourn incorporates paragraphs 1 through 22 inclusive as if fully set forth herein.

24.    Pekin owed Medbourn a duty to deal with her in good faith and fair dealing with respect to the discharge of its contractual obligations to Medbourn, which included the obligation to refrain from making an unfounded refusal to pay policy proceeds, to refrain from causing an unfounded delay in making payment, and/or to refrain from exercising any unfair advantage to pressure Medbourn into a settlement of her property damage claim.

25.    Pekin willfully breached its duty to deal with Medbourn in good faith through its unfounded refusal to pay adequate policy proceeds to Medbourn, its unfounded delay in making sufficient payment to Medbourn, and/or its exercise of an unfair advantage over Medbourn to pressure her into a settlement of her property damage claim by accepting a lessor amount.

4

26. Pekin also willfully breached its duty to deal with Medbourn in good faith through its unfounded refusal to provide a copy of the Policy to Medbourn after requesting it multiple times.

27. Pekin's actions also violated Indiana's Unfair Claims Settlement Practice Act by:

   a. Failing to acknowledge and act reasonably promptly upon Medbourn's request for a copy of the Policy;

   b. Not attempting in good faith to effectuate prompt, fair, and equitable settlement of Medbourn's property damage claim.;

   c. Compelling Medbourn to institute litigation to recover amounts due under the Policy by offering substantially less than the amounts ultimately recovered in this litigation; and/or

   d. Refusing to pay Medbourn a sufficient amount without conducting a reasonable investigation based upon all available information.

28. Medbourn has been damaged as a result of Pekin's bad faith.

WHEREFORE, Plaintiff Wendy Medbourn, by counsel prays for judgment against Defendant Pekin Insurance in an amount that will fully, fairly, and adequately compensate her for all costs, losses, expenses, and damages recoverable under Indiana law, for her costs, for prejudgment interest, for punitive damages, and for all other just and proper relief.

TAYLOR DeVORE & PADGETT, P.C.

*/s/ David L. Taylor*
David L. Taylor
Attorney No.: 11338-49

*/s/ Jerry M. Padgett*
Jerry M. Padgett
Attorney No.: 27282-49

TAYLOR DeVORE & PADGETT, P.C.
Keystone Office Park
3003 East 98th Street
Suite 201
Carmel, IN 46280
Phone:  (317) 228-9910
Fax:  (317) 228-9972
dtaylor@taylorlitigation.com
jpadgett@taylorlitigation.com
*Attorneys for Plaintiff,*
*Wendy Medbourn*

## DEMAND FOR JURY TRIAL

Plaintiff Wendy Medbourn, by counsel, moves that this matter be tried to a jury.

TAYLOR DeVORE & PADGETT, P.C.


*/s/ David L. Taylor*
David L. Taylor
Attorney No.:  11338-49


*/s/ Jerry M. Padgett*
Jerry M. Padgett
Attorney No.:  27282-49

TAYLOR DeVORE & PADGETT, P.C.
Keystone Office Park
3003 East 98th Street, Suite 201
Carmel, IN 46280
Phone:  (317) 228-9910
Fax:  (317) 228-9972
dtaylor@taylorlitigation.com
jpadgett@taylorlitigation.com
*Attorneys for Plaintiff,*
*Wendy Medbourn*